UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RONDELL JOHNSON,

Defendant.

REPORT AND
RECOMMENDATION

22-CR-6188-FPG-MJP-1

---

## APPEARANCES

For the United States:  AUSA Charles E. Moynihan
U.S. Attorney's Office - Rochester
100 State Street
Rochester, NY 14614

For the Defendant:  Jeffrey L. Ciccone
Federal Public Defender
28 East Main Street
Suite 400
Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** In an indictment filed on September 27, 2019 ("Indictment") (ECF No. 57), the Grand Jury charged Rondell Johnson ("Defendant") with seven counts including: (1) Narcotics Conspiracy (Count 1); (2) Possession of Heroin with Intent to Distribute (Count 2); (3) Possession of Fentanyl and ANPP with Intent to Distribute (Count 3); (4) Possession of Cocaine with Intent to Distribute (Count 4); (5) Use of Premises to Manufacture, Distribute, and Use a Controlled Substance (Count 5); (6) Possession of Firearm in Furtherance of Drug Trafficking Crimes (Count 6); and Felon in Possession of a Firearm and Ammunition (Count 7).

1

(Indictment, Nov. 29, 2022, ECF No. 57.) The Indictment also seeks forfeiture of all of Defendant's "right, title, and interest in any firearm and ammunition involved or used in the commission of the offense, or found in the possession or under the immediate control of the defendant at the time of arrest including, but not limited to:

a. one (1) 9mm Luger (9x19mm) caliber, Beretta BU9 Nano semi-automatic pistol, bearing serial number NU005314; and

b. ammunition, namely, eight (8) 9mm Luger (9x19mm) caliber cartridges (5-Winchester, 3-Remington).

(*Id.* at 4–5.)

On February 3, 2023, Defendant filed an omnibus motion. (ECF No. 63.) The government submitted a response to Defendant's omnibus motion on February 17, 2023. (ECF No. 66.) On March 13, 2023, the undersigned heard oral argument on the omnibus motion. The undersigned issued a decision on all the issues raised in Defendant's omnibus motion, except that he reserved on Defendant's motion to suppress statements. (Omnibus Order, Mar. 15, 2023, ECF No. 70.)

At oral argument, the Court provided Defendant additional time to review body worn camera videos and inform the Court whether he wished to supplement his pretrial motions. In a letter to the Court dated April 12, 2023, defense counsel informed the undersigned that Defendant reviewed the videos and did not wish to supplement his motions. (Letter from J. Ciccone to Judge Pedersen, Apr. 12, 2023, ECF No. 74.)

After hearing oral argument and reviewing all motion papers, I recommend

2

that the District Court GRANT IN PART AND DENY IN PART Defendant's motion to suppress statements.

## STANDARD OF LAW

On November 29, 2022, the Honorable Frank P. Geraci, Jr. referred this case to the undersigned to address, in relevant part, all pre-trial matters, including all pre-trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B). (Text Order of Referral, Nov. 29, 2022, ECF No. 59.)

## DISCUSSION

For this Report and Recommendation, the Court has reviewed the following: Defendant's omnibus motion (ECF No. 63); the government's response in opposition (ECF No. 66); proffers made at oral argument, held before the undersigned on March 13, 2023; and Defendant's Notice that he did not intend to file supplemental motions. (ECF No. 74.)

### *Findings of Fact Regarding Defendant's Statements*

Defendant contends that the government provided a notice of intent to use evidence pursuant to Fed. R. Crim. P. 12(b)(4), including that he "made statements to law enforcement . . .," but that the government did not identify any specific statements Defendant made that it intends to utilize against him in that disclosure. (Ciccone Aff. ¶ 9, Feb. 3, 2023, ECF No. 63.) Defendant further contends that a *Miranda* waiver card was included in the discovery materials provided by the government, which was signed, indicating that Defendant did not waive his *Miranda*

rights to speak with investigators. (*Id.*) Defendant moves to suppress any statements he allegedly made on the basis that he did not receive his *Miranda* warning prior to making any such statements. (*Id.* at 10.)

In opposition, the government indicated that it seeks to utilize the following statements made at the time of Defendant's detention and arrest, as well as after his arrest:

1. On October 21, 2021, at approximately 6:43 AM, at 277 Wilkins Street, Rochester, New York, Johnson acknowledged he was "housesitting" when officers asked how much rent he paid per month. This exchange can be seen on Rochester Police Department Body Worn Camera imagery of Officer Bennetti ("Statement One");

2. On October 21, 2021, at approximately 6:57 AM, at 277 Wilkins Street, Rochester, New York, Johnson acknowledged his "jacket is right there" and that his shoes were "on the porch" to officers when asked about clothing. This exchange can be seen on Rochester Police Department Body Worn Camera imagery of Officer Bennetti ("Statement Two"); and

3. On October 21, 2021, at approximately 7:24 AM, at the Public Safety Building, 185 Exchange Street, Rochester, New York, Johnson asked officers, "Can I put that on?" while indicating to a jacket on a nearby desk. The exchange can be seen on Rochester Police Department Body Worn Camera imagery of Officer Kent ("Statement Three").

(Gov't Resp. at 6, Feb. 17, 2023, ECF No. 66.)

The government asserts that Statement One and Two should not be suppressed because they were not provided in response to any interrogation by law enforcement that sought to elicit an incriminating response from Defendant. (*Id.* at 5–6.) The government further contends that Statement Three should not be suppressed on the ground that it was "spontaneously made," and thus not the result of "any custodial interrogation, or its 'functional equivalent.'" (*Id.* at 7.)

### *Legal Conclusions Regarding Defendant's Statements*

#### *Statements One and Two*

In *Miranda v. Arizona,* 384 U.S. 436 (1966) the Supreme Court held that to protect a defendant's rights against compulsory self-incrimination under the Fifth and Fourteenth Amendments, certain safeguards must apply in the context of custodial interrogations. *Id.* at 444. The Supreme Court has further provided that the safeguards promulgated in *Miranda* apply when "a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis,* 446 U.S. 291, 300–01 (1980). In other words, "the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301. Importantly the Supreme Court clarified in *Innis* that "since the police . . . cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." *Id.* at 301–02. Whether the police should have known that

5

their words or actions were reasonably likely to elicit an incriminating response is determined by examining "the totality of the circumstances." *United States v. Broughton*, 600 F. App'x 780, 783 (2d Cir. 2015) (summary order).

Here, the parties do not dispute Defendant was in custody during at the time Defendant made Statements One and Two. Rather, the parties disagree about whether Defendant's statements were elicited via interrogation by law enforcement. With respect to Statement One, law enforcement asked Defendant something to the effect of how much he paid in rent per month while Defendant was handcuffed in a drug house that law enforcement was searching. The undersigned cannot decipher a reason why law enforcement would ask Defendant this question other than to establish a connection between Defendant and the drug house, which is not permissible without Defendant having been provided with his *Miranda* warnings. Further, the government only stated the applicable law and offered conclusory statements as to why the Court should not suppress Statement One without explaining how the law applied to the specific statement at issue.

The same analysis above applies to Statement Two. While it may appear to be an innocuous question to ask a person about his or her clothing, the question could also be interpreted as an attempt to tie Defendant to the drug house because he acknowledged that his jacket and shoes were at that location. Again, while citing the law that applies to determine whether a question was asked to elicit an incriminating response, the government did not explain how the law applied vis à vis Statement Two.

Accordingly, the undersigned believes that, in considering the totality of the circumstances, law enforcement subjected Defendant to words or actions that the police should have known were reasonably likely to elicit incriminating responses from him—in this case, tying him to a drug house during an active search of that home while Defendant was handcuffed and in that house. For these reasons, the undersigned recommends that the District Court GRANT Defendant's motion to suppress with respect to Statements One and Two.

### *Statement Three.*

Not every statement a suspect in custody makes to law enforcement is necessarily the product of "interrogation." *Innis*, 466 U.S. at 299. Spontaneous statements, given freely and voluntarily, are not subject to *Miranda* warnings because they are not deliberately elicited by law enforcement. *Id.* at 299–00. A defendant's statements are voluntary if they are "the product of an essentially free and unconstrained choice[.]" *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26 (1973). To determine whether a defendant's statements were voluntary, courts look to the totality of the circumstances surrounding the statements. *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991).

Here, with respect to Statement Three, while in custody at the Public Safety Building Defendant said "Can I put that on?" while indicating to a jacket on a nearby desk. This statement was not elicited by any question, statement, or conduct from law enforcement. There is no evidence that law enforcement could have or should have known that having the jacket present in the room would elicit the statement

Defendant seeks to suppress. Rather, the evidence supports a finding that Defendant exercised a "free and unconstrained" choice to make this statement in the presence of law enforcement. *Schneckloth*, 412 U.S. at 225–26.

Considering the totality of the circumstances in which Defendant made Statement Three, the undersigned recommends that the District Court DENY Defendant's motion to suppress with respect to that statement.

## CONCLUSION

Based on the foregoing, I recommend that the District Court GRANT Defendant's motions to suppress with respect to Statements One and Two and DENY Defendant's motion to suppress with respect to Statement Three. (ECF No. 63).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[7]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations

to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the Provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   June 14, 2023
         Rochester, New York

*[Signature]*
MARK W. PEDERSEN
United States Magistrate Judge